```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

 * * * * * * * * * * * * * * *
UNITED STATES OF AMERICA,       )  Criminal Action No.
          Plaintiff,            )  08-CR-205
vs.                             )
                                )
ALFRED L. THOMPSON,             )  April 12, 2016
                                )  9:31 a.m.
          Defendant.            )  Washington, D.C.
 * * * * * * * * * * * * * * *
```

**TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE BERYL A. HOWELL,
UNITED STATES DISTRICT COURT CHIEF JUDGE**

**APPEARANCES:**

**For the UNITED STATES:**   **JAMES STEPHEN SWEENEY, ESQUIRE**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW, Room 10-449
Special Proceedings Section
Washington, DC 20530
(202) 252-7564
Email: James.sweeney@usdoj.gov

**For the DEFENDANT:**   **LISA B. WRIGHT, ESQUIRE**
FEDERAL PUBLIC DEFENDER
625 Indiana Avenue, NW, Suite 550
Washington, DC 20004-2901
(202) 208-7500
Email: Lisa_wright@fd.org

**Court Reporter:**   Elizabeth Saint-Loth, RPR, FCRR
Official Court Reporter
Room 6720, U.S. Courthouse
Washington, D.C.  20001
(202) 354-3242
esaintloth@gmail.com

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

```
 1                    P R O C E E D I N G S
 2             THE DEPUTY:  Matter before the Court, Criminal
 3   Case No. 08-205, United States of America versus Alfred L.
 4   Thompson.  Counsel, please come forward and identify
 5   yourselves for the record.
 6             MR. SWEENEY:  Good morning, Your Honor.
 7             James Sweeney for the United States.
 8             THE COURT:  Good morning, Mr. Sweeney.
 9             MS. WRIGHT:  Good morning.  Lisa Wright for Alfred
10   Thompson.
11             THE COURT:  Good morning, Ms. Wright.
12             MS. WRIGHT:  Good morning.
13             THE COURT:  All right.  Well, I called you all in
14   for a status conference.  I know there have been briefings
15   filed and pending, which I have reviewed since the case was
16   reassigned to me from Judge Roberts.  And as I see the case
17   -- you all can sit down.  Let me just tell you my
18   perspective and, then, we can have a chat, basically, about
19   the best way forward.
20             So as I understand it, you know, the parties had at
21   one point, on remand from the Circuit, reached a stipulated
22   disposition that Judge Roberts concluded he was not
23   authorized to enter given the procedural posture of the
24   case.  I have read his opinion.  I think -- it seems that
25   that shouldn't be the last word on reaching what appears to
```

1   be a fair disposition of the claim.

2           Clearly -- and I don't think anyone would dispute

3   that if that stipulated disposition were reached as a

4   resolution of a 2255 motion, I would clearly have authority

5   to resolve that.  Would you agree with that, on behalf of

6   the Government?

7           MR. SWEENEY:  I would agree with it, Your Honor.

8   And we had discussed that as plan C.

9           THE COURT:  Okay.  I mean, I have actually -- just

10  from my brief review of this puzzling case, where everybody

11  seems to want a just outcome, and we're just trying to

12  figure out the procedural way to get there.  Because this

13  defendant, basically, is now facing, by my count, 50-plus

14  years in prison versus, under the stipulated disposition, 38

15  years -- 38 years is a lot already.  So it just seems like

16  we should be able -- all of the great legal minds in this

17  room should be able to figure out a way to get there.

18          I have a whole list of cases where, in this court,

19  stipulated dispositions have been granted in response to a

20  motion under 28 U.S.C. 2255.  There is U.S. v Felder, U.S. v

21  Hoyle, U.S. v Terrence Terrell, U.S. v Emanuel Sutton,

22  U.S. v Cooper, U.S. v Perry.  I mean, I can go on --

23          MR. SWEENEY:  Right.

24          THE COURT:  -- but that seems to be the normal way

25  to do it.

```
1                MR. SWEENEY:  Right.  And counsel and I have been
2     involved in some of those cases as well --
3                THE COURT:  Okay.
4                MR. SWEENEY:  -- not the same cases, but we have
5     experience --
6                THE COURT:  Okay.  Now, we have some sort of weird
7     procedural posture in this Circuit, based on my brief
8     survey, that most circuits, when there is an ineffective
9     assistance of counsel claim raised on direct appeal, the
10    circuits don't address it.  They say that's left to a 2255.
11    That's not what our Circuit does.  So it leaves us in this
12    weird procedural posture that Judge Roberts' opinion
13    elucidates.
14               But I think that there is no jurisdictional bar for
15    me to consider a 2255 motion and a resolution of that motion
16    with a stipulated disposition.  But I don't have a 2255
17    motion pending in front of me.
18               MR. SWEENEY:  Right.
19               THE COURT:  So I thought we should have a chat
20    about what the best way to proceed might be.  So I just
21    thought I would lay out my perspective on this first.  And
22    it may be that the defendant is no longer interested in a
23    stipulated disposition and he'd prefer to proceed with an
24    evidentiary hearing on his claim of ineffective assistance
25    of counsel and, you know, take the risk that he might then
```

1      stick with the same sentence.  I don't know.  And I don't
2      know that this is the appropriate place to explore that.
3      But I just wanted to lay out my current perspective on this
4      and to get the perspectives of the parties.
5              MR. SWEENEY:  Your Honor, we came in today having
6      discussed this thoroughly back when the issue came up and
7      then, more recently, when we had notice.  And we came in
8      with the same mindset, basically, so we are real close.
9              Counsel, I think, has -- can speak to the
10     procedural issue of whether it can be resolved as a remand
11     proceeding.
12             THE COURT:  Okay.  Let's hear your perspective on
13     this interesting procedural posture.
14             MS. WRIGHT:  Yes.  Well, the Court is right, of
15     course.  I have been involved in, as well as Mr. Sweeney,
16     2255 stipulated dispositions.
17             THE COURT:  Yes.
18             MS. WRIGHT:  I have also done -- at least two that
19     I have located -- stipulated dispositions on ineffective
20     assistance remand, the same posture as this.  I did not
21     bring those to Judge Roberts' attention -- and one of them I
22     only remembered last night because there has been a lot --
23     it goes way back.  But there is precedent for that.
24             And I think it would be Mr. Thompson's preference,
25     if the Court were willing to reconsider -- and I know

1      Mr. Sweeney and I have talked about it; that he would join
2      in a motion to reconsider disposing of the stipulated
3      disposition on the ineffective assistance remand.
4              There was a lot of litigation to get this remand.
5      The Government argued in its --
6              THE COURT:  So you are proposing -- instead of
7      filing a brand new -- instead of filing a 2255 motion that I
8      can then consider a stipulated disposition as resolution of
9      that motion, you are pursuing that procedural strategy in
10     favor of asking me to reconsider Judge Roberts' opinion.
11     Why would I want to do that?
12             MS. WRIGHT:  Reconsider our motion to resolve the
13     remand through stipulated disposition.  And then --
14             THE COURT:  And why wouldn't you just do this more
15     cleanly, procedurally, by filing a 2255 motion?
16             I know 2255 motions during the pendency of a
17     criminal appeal are generally disfavored.  But it's -- you
18     know, the D.C. Circuit has also said that this is something
19     that -- for administrative convenience, I may be able to
20     resolve a 2255 even if a direct appeal is pending, you know,
21     or were still in that direct appeal posture.
22             I just think that's cleaner than having me
23     reconsider a very thoughtful and thorough opinion by Judge
24     Roberts about this peculiarity.  I don't understand why you
25     would want me to have to do that, rather than go straight

```
 1        for your 2255 and a stipulated disposition.
 2                MS. WRIGHT:  Well, as a general matter, you know,
 3        2255s are -- perhaps not in this circumstance -- but are
 4        less preferable to a defendant than operating on remand
 5        because he has counsel guaranteed; he can appeal.
 6                In this situation that may not be relevant; but the
 7        Government had tried to force us to file a 2255 on appeal.
 8        And I asked the Government to reverse -- excuse me -- I
 9        asked the D.C. Circuit to reverse its policy of remanding,
10        and the whole litigation above was about that.
11                THE COURT:  Say that again.
12                MS. WRIGHT:  When we filed and asked for an
13        evidentiary hearing on appeal for ineffective assistance of
14        counsel, the Government's response was:  We agree that
15        you -- that an evidentiary hearing is necessary.  But the
16        appellate folks at the U.S. Attorney's Office argued, as
17        they have in the past few times, that the D.C. Circuit's
18        changed its policy of remanding ineffective assistance of
19        counsel claims and required defendants to file 2255s.
20                THE COURT:  Well, I wasn't even aware of that --
21                MS. WRIGHT:  Yes.
22                THE COURT:  -- but I was well aware of their
23        policy --
24                MS. WRIGHT:  Yes.
25                THE COURT:  -- and it puts this situation in a
```

1      difficult procedural posture, as Judge Roberts' opinion lays
2      out quite clearly.
3             MS. WRIGHT:  So the history is they had asked for
4      that in a prior case.  They had then asked for supplemental
5      briefing and then, ultimately, remanded without discussing
6      the supplemental briefing.  And, in this case, the
7      Government's opposition brief was entirely about that.
8             My reply brief was entirely devoted to defending
9      the policy of the D.C. Circuit.
10            THE COURT:  I wasn't even aware of that.
11            MS. WRIGHT:  So the Government opted not to file a
12     petition for re-hearing.  I believe the matter is closed.
13            So I guess a lot of the reasons I argued why D.C.
14     Circuit should keep its policy is because it is in the
15     defendant's interest to have a remand, have right to
16     counsel, not have a lot of procedural --
17            THE COURT:  We can proceed with an evidentiary
18     hearing.  Do you want to set a date now?
19            MS. WRIGHT:  Well, as Mr. Sweeney said, it's not
20     that we came in prepared --
21            THE COURT:  You can ask for a motion for
22     reconsideration.  I am telling you right now, I have read
23     Judge Roberts' opinion; it seems right to me.
24            MS. WRIGHT:  Okay.  That's fine, Your Honor.
25            THE COURT:  Okay.  So it seems right to me.

Elizabeth Saint-Loth, RPR, FCRR

1              MS. WRIGHT:  Okay.

2              THE COURT:  So that doesn't mean you can't file a

3     motion for reconsideration.  But I have puzzled over it.  I

4     have thought about it.  His reasoning is clear, crisp, right

5     on.

6              So now you may change my mind on some motion for

7     reconsideration that you might file.  But your chances --

8     I'm telling you right now -- very limited.  Meaning, if you

9     absolutely decline because of some strategy that you think

10    applies here, that you have got to have an evidentiary

11    hearing and you cannot make this easy for me, and for all of

12    the parties involved, to file a 2255 to reach a stipulated

13    disposition under a statute that clearly gives me the

14    authority to agree to it -- unlike, as Judge Roberts'

15    opinion lays out, everything else doesn't provide me that

16    authority, nothing else does; then, that's fine.  Make your

17    motion for reconsideration.

18             I am giving you a heads up that maybe you can think

19    of some argument that I haven't thought of to get around

20    Judge Roberts' fairly clear, concise, well-articulated

21    opinion.  And if you fail on that, we'll just proceed to an

22    evidentiary hearing; do you understand me?

23             MS. WRIGHT:  Yes, I do, Your Honor.

24             And in fact the only reason -- the only reason that

25    I was asking for reconsideration at all was I had failed to

1      bring those two precedents to Judge Roberts' attention, and
2      I have now done so.  So I will I think --
3              THE COURT:  Okay.  Let's see how we can figure out
4      how to move forward here.
5              It sounds to me based on -- I wasn't even aware
6      that you had fully briefed this.  You have stuck to your
7      guns, no 2255 -- that would give the District Court on
8      remand, in this context, a clear authority to evaluate and
9      agree to a stipulated disposition.  And if you want to stick
10     to those guns, we're moving forward for the evidentiary
11     hearing.
12             But I think it -- I don't know where the defendant
13     is; but I know it takes the marshals about a month to six
14     weeks to move the defendant here.
15             So let's set a date for an evidentiary hearing on
16     this, unless it is otherwise disposed of through
17     consideration of a stipulated disposition to resolve a
18     motion for 2255 which I do not have in front of me now.
19             Okay.  So we're now at -- why don't we set this for
20     an evidentiary hearing on June 3.
21             MR. SWEENEY:  I missed the date.
22             THE COURT:  June 3 is a Friday --
23             MR. SWEENEY:  June 3.
24             THE COURT:  -- and we'll set it for 9:30.
25             MR. SWEENEY:  That's 42 days.  No.  It's actually

Elizabeth Saint-Loth, RPR, FCRR

```
 1        52.  The marshals want 45.  We're fine.
 2              THE COURT:  Okay.
 3              MS. WRIGHT:  Thank you, Your Honor.
 4              MR. SWEENEY:  The time again was?
 5              THE COURT: 9:30.  Okay.
 6              MR. SWEENEY:  Thank you.  And I will file an ASR
 7     for the notice of appearance.
 8              THE COURT:  Thank you.
 9              MR. SWEENEY:  Thank you, Your Honor.
10              (Proceeding concludes.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE**

     I, ELIZABETH SAINT-LOTH, RPR, FCRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings to the best of my ability.

   Dated this 3rd day of May, 2016.


   /s/ Elizabeth Saint-Loth, RPR, FCRR
   Official Court Reporter


Elizabeth Saint-Loth, RPR, FCRR